**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 05-5174**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

DAVID OWENS,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Richmond.  Henry E. Hudson, District Judge.  (CR-05-264)

Submitted:  October 20, 2006          Decided:  November 16, 2006

Before NIEMEYER, WILLIAMS, and MOTZ, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Michael S. Nachmanoff, Acting Federal Public Defender, Mary Elizabeth Maguire, Assistant Federal Public Defender, Sapna Mirchandani, Research and Writing Attorney, Richmond, Virginia, for Appellant. Chuck Rosenberg, United States Attorney, Roderick C. Young, Assistant United States Attorney, Richmond, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

David Owens was convicted of conspiracy to possess with intent to distribute 100 grams or more of heroin, in violation of 21 U.S.C. § 846 (2000). He was sentenced to 300 months in prison. Owens now appeals, raising two issues. We affirm.

I

Stephanie Hargrove, David Owens' girlfriend, testified that he was a heroin dealer in North Carolina who obtained his heroin supply in Connecticut. She said that he had dealt heroin during the three years of their relationship. At Owens' direction, she rented a car in Wilmington, North Carolina, and drove to Connecticut, where she met Owens. Owens asked her to take a bag back to North Carolina with her. She suspected that the bag contained heroin, and declined his request. While she was away from the car, Owens packed the car. It was not until she was driving back to North Carolina and received a cell phone call from Owens inquiring about a bag that she realized Owens likely had placed a bag containing heroin in the car's trunk.

Hargrove was stopped for a traffic infraction in Henrico County, Virginia. She consented to a search of the car. During the search, Officer William Hueston discovered a bag containing what appeared to be heroin. Hueston informed Hargrove what he had found and told her that he suspected she was transporting the

heroin for someone else.  Hueston told Hargrove that he would like her to cooperate with authorities so the dealer could be apprehended.  Hargrove agreed.

Officers devised a ruse in which Hargrove would tell Owens when he called that she had been in a traffic accident and was staying in a hotel in Virginia.  Owens eventually arrived at the hotel, where he was arrested.

It was stipulated that the 1000 bags of heroin found in the trunk weighed 193 grams.  An officer testified that, based on the packaging and amount of heroin, he believed the heroin was intended for distribution rather than personal use.

II

Owens first claims that the district court erred when it denied his Fed. R. Crim. P. 29 motion for judgment of acquittal. In particular, Owens attempts to cast doubt on Hargrove's credibility.

We review the district court's decision to deny a Rule 29 motion de novo.  United States v. Uzenski, 434 F.3d 690, 700 (4th Cir. 2006).  Where, as here, the motion was based on a claim of insufficient evidence, "[t]he verdict of a jury must be sustained if there is substantial evidence, taking the view most favorable to the Government, to support it."  Glasser v. United States, 315 U.S. 60, 80 (1942).  "Substantial evidence is that evidence which a

'reasonable finder of fact could accept as adequate and sufficient to support a conclusion of a defendant's guilt beyond a reasonable doubt.'"  United States v. Cardwell, 433 F.3d 378, 390 (4th Cir. 2005) (quoting United States v. Burgos, 94 F.3d 849, 862 (4th Cir. 1996) (en banc)), cert. denied, 126 S. Ct. 1669 (2006).  This court reviews both direct and circumstantial evidence and permits "the government the benefit of all reasonable inferences from the facts proven to those sought to be established."  United States v. Tresvant, 677 F.2d 1018, 1021 (4th Cir. 1982).  "[W]e do not review the credibility of witnesses and assume the jury resolved all contradictions in the testimony in favor of the government."  United States v. Sun, 278 F.3d 302, 313 (4th Cir. 2002).

"To prove a conspiracy under 21 U.S.C. § 846, the government must prove (1) an agreement between two or more persons to engage in conduct that violates a federal drug law, (2) the defendant's knowledge of the conspiracy, and (3) the defendant's knowing and voluntary participation in the conspiracy."  United States v. Strickland, 245 F.3d 368, 384-85 (4th Cir. 2001); see United States v. Burgos, 94 F.3d at 857.  Here, there was ample evidence to support Owens' conviction.  Viewed in the light most favorable to the Government, the evidence established that Owens was the leader of a criminal enterprise that violated the federal drug laws, and the enterprise involved at least one other person, Hargrove.

- 4 -

Owens was sentenced as a career offender, and he never disputed that he satisfied the criteria for this designation. He contended, however, that his status as a career offender dramatically overstated his criminal past and resulted in a sentence far more severe than was necessary.

At sentencing, the district court considered Owens' argument but rejected it. After describing Owens' criminal past, the court concluded that Owens' record showed him to be a "classic career offender." The court addressed the sentencing factors set forth at 18 U.S.C.A. § 3553(a) (West 2000 & Supp. 2006), focusing on the nature of the instant offense and Owens' characteristics, including his criminal record. The court noted especially the amount of heroin involved in the offense and Owens' having used another person to facilitate the crime. The court concluded that a sentence within the properly calculated advisory guideline range of 262-327 months was appropriate and sentenced Owens to 300 months in prison.

On appeal, Owens again claims that his designation as a career offender significantly overstates his criminal history and that his sentence is far greater than necessary to serve the purposes of sentencing. We review a sentence imposed after United States v. Booker, 543 U.S. 220 (2005), to determine whether the sentence is "within the statutorily prescribed range . . . and

. . . reasonable." United States v. Hughes, 401 F.3d 540, 546-47 (4th Cir. 2005).[1] "[A] sentence within the proper advisory Guidelines range is presumptively reasonable." United States v. Johnson, 445 F.3d 339, 341 (4th Cir. 2006).[2] "[A] defendant can only rebut the presumption by demonstrating that the sentence is unreasonable when measured against the § 3553(a) factors." United States v. Montes-Pineda, 445 F.3d 375, 379 (4th Cir. 2006) (internal quotation marks omitted), petition for cert. filed, __ U.S.L.W. ___ (U.S. July 21, 2006) (No. 06-5439).

Here, Owens failed to rebut the presumption. At sentencing, the district court considered and rejected his contentions that his status as a career offender overstated his criminal past and that a lower sentence would serve the purposes of sentencing. The court concluded that Owens was a "classic career offender." Further, the court took the § 3553(a) factors into account, focusing on the nature of the instant crime. We conclude that Owens' sentence is reasonable "[b]ecause the district court properly calculated the advisory Guidelines range and adequately considered the § 3553(a) factors." See United States v. Johnson, 445 F.3d at 346.

---

[1]Owens' sentence is within the statutorily prescribed range of five to forty years. See 21 U.S.C. § 841(b)(1)(B) (2000).

[2]Owens does not attack the calculation of the advisory guideline range. Nor would such an attack be successful, as our review of the record establishes that the range was correctly calculated.

IV

We accordingly affirm.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>